**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 09-CR-18-TCK ) |
| RINALDI JEAN-CLAUDE, | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 125) and amended motion (Doc. 127), filed by Defendant Rinaldi Jean-Claude ("Defendant").

**I.    Background**[1]

Defendant was convicted by a jury of possessing firearms while being an unlawful user of a controlled substance and was sentenced to thirty-three months imprisonment. On appeal, Defendant argued that the contents of his cell phone, which was seized following a search of Defendant's residence, should have been suppressed because the cell phone was outside the scope of the search warrant. The Tenth Circuit concluded that this argument was not raised in the district court and was therefore waived. See *Jean-Claude*, 400 F. App'x. at 387-88.[2]

---

[1] The Tenth Circuit's decision, *United States v. Jean-Claude*, 400 F. App'x. 384, 387-88 (10th Cir. 2010), sets forth a more extensive factual background and is incorporated herein by reference.

[2] The court noted that, even had the issue been preserved for appeal, it was doubtful that admission of the cell phone's contents would constitute plain error because: (1) the alleged error involved factual disputes and was not clear and obvious, and (2) Defendant could not show that his substantial rights were affected. *See id.* at 388 n.2.

Defendant now moves this Court to vacate his conviction pursuant to 28 U.S.C. § 2255. The Court construes Defendant's § 2255 Motion, including the amendment, as raising five grounds for relief: (1) the cell phone was "electronic equipment" expressly excluded from the search warrant, and the contents of the cell phone should have been excluded; (2) Defendant's arrest on January 13, 2009, which occurred after the search of his residence, was unconstitutional; (3) the affidavit in support of the search warrant for Defendant's home contained fabricated information, and any evidence seized during the search of his house should have been excluded; (4) the jury was biased because Defendant is black and most of the jurors were white; and (5) Defendant's counsel, Mr. Wesley Johnson ("Mr. Johnson"), was ineffective for failing to seek exclusion of Defendant's cell phone and its contents, on grounds that it was excluded from the search warrant.

## II. Grounds 1-4

The first ground for relief – that the cell phone was beyond the scope of the warrant – is not cognizable under 28 U.S.C. § 2255 because it was previously raised and addressed on direct appeal. *See United States v. Cook*, 997 F.2d 1312, 1318 n.6 (10th Cir. 1993) (stating that issues raised and addressed on direct appeal are not cognizable under 28 U.S.C. § 2255).

The second, third, and fourth grounds for relief were not raised on direct appeal and are procedurally barred unless Defendant can (1) "show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains," or (2) "show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (internal quotations omitted). The second exception to procedural default is narrow and is "implicated only in extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (internal quotations and alterations omitted).

Defendant has failed to demonstrate any actual prejudice flowing from the errors raised in the second, third, or fourth grounds for relief and certainly has not shown that any fundamental miscarriage of justice will occur if these claims are not addressed. With respect to Defendant's allegedly unconstitutional arrest, there can be no actual prejudice or miscarriage of justice because Defendant was charged and convicted based upon evidence lawfully seized from the car and the residence. There is no possibility that such evidence could have been suppressed as fruit of the alleged unlawful arrest. As to the alleged fabrications in the affidavit supporting the search warrant, Defendant cannot show prejudice or injustice because the Court finds that probable cause existed even without the allegedly false statements. *See United States v. Garcia-Zambrano*, 530 F.3d 1249, 1254 (10th Cir. 2008) (holding that evidence need not be excluded if the court concludes that, after excising alleged false statements from the probable cause affidavit, the corrected affidavit supports a finding of probable cause). Finally, Defendant cannot show actual prejudice or any miscarriage of justice based on the composition of his jury because "a defendant does not have a right to a jury of any particular composition and the jury actually chosen does not have to mirror the community." *United States v. Green*, 435 F.3d 1265, 1270 (10th Cir. 2006) (internal citations omitted). Thus, Defendant's second, third, and fourth grounds for relief are procedurally barred.

## III.    Ground 5

In order to have his conviction set aside based upon Mr. Johnson's ineffective assistance of counsel, Defendant must satisfy both components of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that Mr. Johnson's performance was deficient, which requires showing that "counsel's performance fell below an objective standard of reasonableness." *Id.* at 687-88. Second, he must show that Mr. Johnson's deficient performance prejudiced his defense, *i.e.*, "that there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Id.* at 687, 694. In addressing an ineffectiveness claim, a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct," and determine whether, in light of all the circumstances, the acts or omissions identified by the defendant were "outside the wide range of professionally competent assistance." *Id.* at 690. In doing so, the court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

The Court assumes without deciding that Mr. Johnson was deficient for failing to seek exclusion of the cell phone and its contents as outside the scope of the search warrant, and the Court proceeds directly to the prejudice prong. Defendant contends that he suffered actual prejudice from the jury's consideration of a video taken from the cell phone. The video, which was United States' Exhibit 26, depicted a firearms box matching one of the firearms found in Defendant's car. (Trial Tr. 73-74.) The video also depicted a "blunt," which is "marijuana that is rolled up in hollowed-out cigar paper." (Trial Tr. 74.)

The Court finds that there is no reasonable probability that, if the cell phone and its contents had been excluded, the outcome of the proceeding would have been different. In relevant part, the jury was instructed that the United States had to prove: (1) Defendant was an unlawful user of a controlled substance; and (2) Defendant knowingly possessed a firearm or ammunition while he was an unlawful user of a controlled substance. (*See* Jury Instr., Doc. 60, at 15.) The United States presented sufficient evidence, separate and apart from the cell phone's contents, establishing both elements. As to the first element, Defendant testified that he smoked marijuana almost daily and that he had used marijuana for six or seven years. In addition, officers smelled marijuana upon

4

entering Defendant's residence, found marijuana in Defendant's residence, and found a photograph of Defendant smoking marijuana.[3]

As to the second element, officers found numerous firearms concealed and wrapped in duct tape in the rental car being driven by Defendant. Evidence seized from Defendant's dumpster provided overwhelming evidence linking Defendant to the firearms in the rental car. This evidence included firearms boxes, duct tape similar to that used to wrap the firearms seized, cleaning brushes for firearms, additional rounds of ammunition, and a business card from an Arizona arms dealer. In addition, upon search of the house, officers located the owner's manual for one of the firearms seized from the rental vehicle. In addition, the jury viewed a photograph of Defendant holding a firearm that resembled one of the seized firearms.[4] In light of this other evidence establishing both elements of the offense, the Court finds no reasonable probability that exclusion of Exhibit 26 or any other contents of the cell phone would have resulted in acquittal. Therefore, Defendant cannot satisfy *Strickland*'s prejudice prong.

**IV. Certificate of Appealability**

Rule 11 of the *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that "reasonable jurists could debate whether

---

[3] This photograph was found in the kitchen and was not an image taken from the cell phone.

[4] This photograph was found in the kitchen and was not an image on the cell phone.

5

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, *Id.* at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's ruling is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**V.    Conclusion**

Defendant's § 2255 Motion (Docs. 125) and amended motion (Doc. 127) are DENIED, and a certificate of appealability is DENIED. Defendant's motion for discovery (Doc. 138) is DENIED. A separate judgment shall be entered.

SO ORDERED this 29th day of May, 2013.

*[signature: Terence C Kern]*

TERENCE KERN
UNITED STATES DISTRICT JUDGE